IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Case No. 1:09cv441
[Criminal Case No. 1:09cr13]

| | |
|---|---|
| SULEMA VILLAGRANA LOPEZ, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].

**PROCEDURAL HISTORY**

On February 17, 2009, the Petitioner and fourteen other individuals were charged with conspiracy to possess with intent to distribute 50 or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and with using a communication facility to commit or facilitate the commission of the conspiracy, in violation of 21 U.S.C. § 843(b). United States v. Villagreana Lopez, Criminal Case No. 1:09cr13 [Doc. 12]. On March 12,

1

2009, the Petitioner entered into a Plea Agreement with the Government pursuant to which she agreed to plead guilty to Count One in exchange for the dismissal of Count Two at sentencing. [Doc. 140, at 1]. The Plea Agreement contained an express waiver of her right to file a direct appeal except as to claims of ineffective assistance of counsel and prosecutorial misconduct. [Id., at 5].

On March 18, 2009, the Petitioner appeared before Magistrate Judge Dennis L. Howell and pled guilty to conspiracy to possess with intent to distribute cocaine base. Judge Howell engaged the Petitioner in a lengthy colloquy to ensure that she understood the nature and consequences of the proceedings and her actions. [Doc. 142]. On August 24, 2009, Hon. Lacy H. Thornburg sentenced the Petitioner to 78 months of imprisonment. [Doc. 345]. The Petitioner did not file a direct appeal from her conviction and sentence.

On September 1, 2009, this case was reassigned to the undersigned when Judge Thornburg retired. On December 9, 2009, the Petitioner filed this motion in which she claims, among other things, that her trial attorney was ineffective for having failed to file an appeal as the Petitioner requested.

**DISCUSSION**

Where a defendant unequivocally instructs an attorney to file a timely notice of appeal, the attorney's failure to file the appeal is *per se* ineffective assistance of counsel regardless of the merits of the appeal. <u>United States v. Poindexter</u>, 492 F.3d 263 (4th Cir. 2007); <u>United States v. Peak</u>, 992 F.2d 39, 42 (4th Cir. 1993). Counsel's performance is ineffective under these circumstances even when the proposed appellate claim involves a matter which is covered by a waiver provision in the plea agreement. <u>Poindexter</u>, 492 F.3d at 273. In this case, the Petitioner did sign an appeal waiver and thus, she may "obtain little more than an opportunity to lose at a later date." <u>Id</u>. Nonetheless, the Fourth Circuit has clearly held that the right to have the appeal filed must be upheld in such circumstances. <u>Id</u>.

The Petitioner has alleged that her counsel was ineffective when "counsel did not even appeal when I ask him too . . . . " [Doc. 1, at 6.] Thus, even if the Government were to file a response containing an affidavit in which the Petitioner's former attorney denied this allegation, the Court would still be compelled to give the Petitioner the benefit of the doubt. <u>United States v. Santana</u>, 263 Fed.Appx. 334, 335 (4th Cir. 2008) (noting that credibility determinations should not be made on conflicting affidavits). The Court

therefore finds that the Petitioner's Motion to Vacate should be granted only as to her claim that counsel was ineffective for failing to file a notice of appeal on her behalf. The Court will vacate its original judgment and enter a new judgment from which an appeal can be taken.

The Petitioner's remaining claims are dismissed without prejudice.

> Because [the Petitioner] has never had a direct appeal, ... taking further action on [her] motion beyond granting [the] Peak claim [would be] inappropriate. The [Court will dismiss] the remaining claims without prejudice to [her] right to file another habeas motion, if necessary, after a direct appeal. Moreover, as a criminal defendant has a right to counsel throughout the direct appeal, the [Court will] appoint counsel for [her].

United States v. Killian, 22 Fed.Appx. 300, 301 (4th Cir. 2001).

## NOTICE OF APPEAL RIGHTS

The Petitioner is hereby advised that she has an absolute right to appeal her criminal case and any issues in it to the United States Fourth Circuit Court of Appeals. Should the Petitioner choose to appeal, she must file a Notice of Appeal with the Clerk of Court for the United States District Court for the Western District of North Carolina within fourteen (14) calendar days after the date the Amended Judgment of Conviction is filed or within fourteen (14) calendar days after any government appeal is filed, whichever

4

is later.

## ORDER

**IT IS, THEREFORE, ORDERED** as follows:

1. The Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is hereby **GRANTED** in part as to the claim that her trial counsel provided ineffective assistance of counsel by failing to file a notice of appeal and is hereby **DENIED** without prejudice as to all other claims.

2. The Judgment in a Criminal Case [Doc. 345] is hereby **VACATED** and the Clerk of Court is instructed to prepare an Amended Judgment in a Criminal Case with the same sentence and conditions as indicated on the original Judgment in a Criminal Case [Doc. 345].

3. The Petitioner shall remain in the custody of the United States Attorney General and the Bureau of Prisons.

4. The Petitioner may appeal the Amended Judgment in a Criminal Case as explained in this Order.

5. In the event that the Petitioner files a Notice of Appeal, the Clerk of Court shall appoint counsel to represent her on appeal, the Petitioner having previously received court-appointed counsel.

Signed: February 12, 2010

Martin Reidinger
United States District Judge